IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JASON SHELL, | CASE NO. |
| *On behalf of himself and those similarly situated,* | JUDGE |
| | MAGISTRATE JUDGE |
| Plaintiffs, | |
| vs. | |
| PIE KINGZ, LLC<br>PIEKINGZII, INC.<br>PIE KINGZ 3, INC.<br>PIEKINGZ 4, INC.<br>MICHAEL J. VLASAK<br>and SEAN M. McEVOY, | **CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>Jury Demand Endorsed |
| Defendants. | |

## COMPLAINT

Plaintiff JASON SHELL, individually and on behalf of all other similarly situated delivery drivers, for his Complaint against Defendants, alleges as follows:

1. Defendants together operate four (4) Jet's Pizza franchise stores in Middleburg Heights, Parma (Pearl Road and Broadview Road), and Westlake, Ohio. All four stores are referred to collectively as "the Westside Cleveland area Jet's Pizza stores."

2. Defendants employ delivery drivers who work dual jobs, one inside the store completing non-tipped duties, and another on the road completing deliveries and receiving tips. The deliver drivers' inside job duties are not related to their tip-producing duties.

3. Defendants' delivery drivers drive their own automobiles to deliver pizza and other food items to Defendants' customers.

4. Instead of reimbursing their delivery drivers for the reasonably approximate costs of the business use of their vehicles, Defendants utilize a flawed method to determine reimbursement rates that provide such an unreasonably low rate beneath any reasonable approximation of the expenses the drivers incur that the drivers' unreimbursed expenses cause the drivers' wages to fall below the federal minimum wage during some or all workweeks.

5. Jason Shell brings this action to recover appropriate monetary, declaratory, and equitable relief based on Defendants' willful failure to compensate him and similarly situated individuals with minimum wages, as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; the Ohio Constitution, Article II, Section 34a ("Section 34a"); the Ohio Minimum Wage Fairness Act ("OMFWSA"), O.R.C. 4111.01, et seq.; O.R.C. § 4113.15 (Ohio's "Prompt Pay Act"); and O.R.C. § 2307.60.

6. Plaintiff Jason Shell brings this lawsuit as a collective action under the FLSA, to recover unpaid minimum wages owed to him and similarly situated delivery drivers employed by Defendants at the Westside Cleveland area Jet's Pizza stores.

7. Plaintiff also brings this action on behalf of himself and similarly situated current and former delivery drivers pursuant to Federal Rule of Civil Procedure 23, to remedy violations of Section 34a, the OMFWSA, the Prompt Pay Act, and O.R.C. § 2307.60.

## JURISDICTION AND VENUE

8. The FLSA authorizes court actions by private parties to recover damages for violations of its wage and hour provisions. Jurisdiction over Plaintiff's FLSA claim is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question).

9. This Court has supplemental jurisdiction over Plaintiff's Ohio law claims pursuant to 28 U.S.C. § 1367.

10. Venue in this District is proper under 28 U.S.C. § 1391 because Defendants operate Jet's Pizza franchise stores in this District, Defendants employed Plaintiff in this District, and a substantial part of the events giving rise to the claims herein occurred in this District.

## PARTIES

11. Defendant Pie Kingz, LLC, is a domestic limited-liability company organized under Ohio law and is authorized to do business under the laws of Ohio. Pie Kingz, LLC, is collectively referred to with the other entity Defendants as "The Pie Kingz Defendants."

12. Defendants PieKingzII, Inc., Pie Kingz 3, Inc., PieKingz4, Inc. (collectively referred to "The Pie Kingz Defendants" along with Pie Kingz, LLC), are domestic corporations organized under Ohio law and are authorized to do business under the laws of Ohio.

13. The Pie Kingz Defendants form a single employer or single integrated enterprise as they share functional interrelation of operations, common management, centralized control of labor relations, and common ownership.

14. Alternatively, the Pie Kingz Defendants constitute joint employers as they share or co-determine matters governing essential terms and conditions of employment, share ability to hire, fire and discipline employees, share ability to affect compensation and benefits, and share authority to direct and supervise employees' performance.

15. The Pie Kingz Defendants are "employers" of Plaintiff and similarly situated employees as that term is defined by the FLSA, the OMFWSA, Section 34a, and the Ohio Prompt Pay Act.

16. At all relevant times, the Pie Kingz Defendants have been, and continue to be, an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

17. Upon information and belief, the Pie Kingz Defendants' gross revenue exceeds $500,000 per year.

18. Defendant Michael J. Vlasak is a *sui juris* individual residing in Avon Lake, Ohio, which is located within the Eastern Division of the Northern District of Ohio, and is the co-owner and operator of all of the Pie Kingz Defendants.

19. Defendant Sean McEvoy is a *sui juris* individual residing in Valley City, Ohio, which is located within the Eastern Division of the Northern District of Ohio, and is the co-owner and operator of all of the Pie Kingz Defendants.

20. Defendant Vlasak is individually liable to the Westside Cleveland area Jet's Pizza stores' delivery drivers under the definitions of "employer" set forth in the FLSA, OMFWSA, and Section 34a because he owns and operates the Westside Cleveland area Jet's Pizza stores, serves as a manager and/or member of the Pie Kingz Defendants, ultimately controls significant aspects of the Westside Cleveland area Jet's Pizza stores' day-to-day functions, and ultimately controls the compensation and reimbursement of employees. 29 U.S.C. § 203(d).

21. Defendant McEvoy is individually liable to the Westside Cleveland area Jet's Pizza stores' delivery drivers under the definitions of "employer" set forth in the FLSA, OMFWSA, and Section 34a because he owns and operates the Westside Cleveland area Jet's Pizza stores, serves as a manager and/or member of the Pie Kingz Defendants, ultimately controls significant aspects of the Westside Cleveland area Jet's Pizza stores' day-to-day functions, and ultimately controls the compensation and reimbursement of employees. 29 U.S.C. § 203(d).

22. Plaintiff Jason Shell is an individual who is currently employed by the Pie Kingz Defendants as a delivery driver, having started in approximately July of 2018 at Defendants' Jet's Pizza store at 25947 Detroit Road, Westlake, Ohio, which is located within the Eastern Division

4

of the Northern District of Ohio. Mr. Shell's consent to bring this action pursuant to 29 U.S.C. § 216(b) is attached as Exhibit 1.

## GENERAL ALLEGATIONS

*Defendants' Pay Practices*

23. The Westside Cleveland area Jet's Pizza stores employ delivery drivers who all have the same primary job duty: to deliver pizzas and other food items to customers' homes or workplaces.

24. The Defendants' delivery drivers also spend some of their work time inside the pizza shops performing non-tipped duties that are routinely assigned, including, but not limited to, as answering telephones, folding pizza boxes, washing dishes, and cleaning.

25. The job duties performed by delivery drivers inside the store are not related to their tip-producing duties while they are out on the road making deliveries.

26. The Westside Cleveland area Jet's Pizza stores' delivery drivers work "dual jobs."

27. At all relevant times, Defendants did not properly inform delivery drivers of the requirements for taking a tip credit from their wages under the FLSA.

28. Defendants have paid, and currently pay, delivery drivers a sub-minimum tipped wage of $7.00 per hour for all work time, including all time spent performing non-tipped duties.

29. Defendants require their delivery drivers to maintain and pay for safe, legally operable, and insured automobiles when delivering pizza and other food items.

30. Defendants require their delivery drivers to incur and/or pay job-related expenses, including, but not limited to, automobile costs and depreciation, gasoline expenses, automobile maintenance and parts, insurance, financing charges, cell phone costs, GPS charges, and other equipment necessary for delivery drivers to complete their job duties.

31. Pursuant to such requirements, Defendants' delivery drivers purchase gasoline, vehicle parts and fluids, automobile repair and maintenance services, and automobile insurance. Defendants' delivery drivers have also suffered automobile depreciation and damage, financing charges, and incur cell phone and data charges, all for the primary benefit of Defendants.

32. Upon information and belief, Defendants do not track or record their delivery drivers' actual expenses.

33. Defendants do not reimburse delivery drivers for their actual expenses or even a reasonable approximation of delivery drivers' actual expenses.

34. Instead, at all times relevant, Defendants have paid, and currently pay, their delivery drivers a flat fee per delivery. However, Plaintiff and similarly situated delivery drivers are not paid the flat fee for certain types of deliveries, including, but not limited to, prank calls, unanswered doors, deliveries to sports games (e.g., Lake Erie Crushers' baseball games in Avon, Ohio), or for re-deliveries when there are errors in the food preparation.

35. During the applicable FLSA limitations period, the IRS business mileage reimbursement rate ranged between $0.54 and $0.58 per mile. These figures represent reasonable approximations of the average cost of owning and operating a vehicle for use in delivering pizzas.

36. The driving conditions associated with the pizza delivery business cause more frequent maintenance costs, higher costs due to repairs associated with driving, and more rapid depreciation from driving as much as, and in the manner of, a delivery driver.

37. Defendants' delivery drivers further experience lower gas mileage and higher repair costs than the average driver used to determine the average cost of owning and operating a vehicle described above due to the nature of the delivery business, including frequent starting and stopping

6

of the engine, frequent braking, short routes as opposed to highway driving, and driving under time pressure.

38. The result of Defendants' delivery driver reimbursement policy is to provide reimbursements much less than a reasonable approximation of their drivers' actual automobile expenses.

39. Defendants' delivery drivers have incurred even more in expenses than those contemplated by the IRS standard business mileage rate, such as cell phone, GPS, and data charges.

40. As a result of the automobile and other job-related expenses incurred by Defendants' delivery drivers, Defendants have deprived their delivery drivers of minimum wages guaranteed to them by the FLSA and Ohio law.

41. Defendants' systematic failure to adequately reimburse automobile expenses constitutes a "kickback" to Defendants, such that the hourly wages they pay to their delivery drivers are not paid free and clear of all outstanding obligations to Defendants. *See* 29 C.F.R. § 531.35.

42. Defendants' reimbursement policy and methodology fail to reflect the realities of delivery drivers' automobile, and other job-related, expenses.

43. Defendants rely on the same flawed policy and methodology with respect to all delivery drivers at all of the Westside Cleveland area Jet's Pizza stores.

44. Defendants' reimbursement formula has resulted, and currently results, in an unreasonable underestimation of delivery drivers' automobile, and job-related, expenses throughout the recovery period, causing systematic violations of the FLSA and Ohio law.

## **PLAINTIFF SHELL'S INDIVIDUAL FACTUAL ALLEGATIONS**

45. Plaintiff began working at the Jet's Pizza Westlake location in or around July of 2018 and continues to work for Defendants.

46. Plaintiff was, and continues to be, subject to the same or substantially similar compensation terms for the entire time he has worked for Defendants.

47. Defendants pay Plaintiff a sub-minimum tipped wage of $7.00 per hour for all hours worked while delivering food, and purport to take a tip credit towards their minimum-wage obligations.

48. Defendants pay Plaintiff a sub-minimum tipped wage of $7.00 per hour for all hours worked inside the store.

49. When Plaintiff Shell began working for Defendants, Defendants reimbursed him a flat rate of $1.25 per delivery. In January 2019, Defendants began reimbursing Plaintiff at a flat rate of $1.50 per delivery.

50. Defendants require, and continue to require, Plaintiff, to maintain and pay for an operable, safe, and legally compliant automobile to use in delivering Defendants' pizza and other food items.

51. Defendants require, and continue to require, Plaintiff, to incur and/or pay job-related expenses, including, but not limited to, automobile costs and depreciation, gasoline expenses, automobile maintenance and parts, insurance, cell phone service, GPS service, automobile financing, and other equipment necessary for delivery drivers to complete their job duties.

52. Plaintiff has purchased, and continues to purchase, gasoline, vehicle parts and fluids, automobile repair and maintenance services, automobile insurance, suffered automobile

depreciation and damage, automobile financing, and incur cell phone and data charges all for the primary benefit of Defendants.

53. Defendants do not track the actual expenses Plaintiff incurs.

54. Defendants do not reimburse Plaintiff based on his actual delivery-related expenses.

55. Defendants do not reimburse Plaintiff at the IRS standard mileage rate for the miles he drives while completing deliveries.

56. During Plaintiff's employment with Defendants, Defendants failed, and continue to fail, to adequately reimburse Plaintiff for automobile and other job-related expenses he incurs while making deliveries.

57. As a conservative estimate, Plaintiff averages two (2) deliveries per hour during the hours he works as a delivery driver and drives an average of 6 round-trip miles per delivery during these hours.

58. The federal minimum wage has been $7.25 per hour since July 24, 2009. Ohio's minimum wage rates from 2015 to 2019 are as follows: $8.10, $8.10, $8.15, $8.30, and $8.55 for each respective year.

59. In 2018, Defendants' average effective per-delivery reimbursement rate for Plaintiff was less than $0.21 per mile ($1.25 per delivery / at least 6 miles).

   a. In 2018, the IRS business mileage reimbursement rate was at least $0.545 per mile, which reasonably approximated the automobile expenses drivers incurred while delivering pizzas.

9

    b. Using the IRS rate as a reasonable approximation of Plaintiff's automobile expenses, every mile driven on the job in 2018 decreased Plaintiff's net wages by approximately $0.335 per mile ($0.545 - $0.21).

60. In 2019, Defendants' average effective per-delivery reimbursement rate for Plaintiff was less than $0.25 per mile ($1.50 per delivery / at least 6 miles per delivery).

    a. In 2019, the IRS business mileage reimbursement rate was at least $0.58 per mile, which reasonably approximates the automobile expenses incurred delivering pizzas.

    b. Using the IRS rate as a reasonable approximation of Plaintiff's automobile expenses, every mile driven on the job decreased, and continues to decrease, Plaintiff's net wages by approximately $0.33 per mile ($0.58 - $0.25).

61. By under-reimbursing Plaintiff by at least $0.335 per mile in 2018, Defendants under-reimbursed him over $2.01 per delivery ($.335 x 6 average miles), and over $4.02 for the hour (based upon an average of 2 deliveries per hour). Thus, in 2018, Plaintiff consistently "kicked back" to Defendants at least $4.02 per hour worked as a delivery driver.

62. By under-reimbursing Plaintiff by at least $0.33 per mile in 2019, Defendants have under-reimbursed him, and continue to under-reimburse him, over $1.98 per delivery ($.33 x 6 average miles), and over $3.96 for the hour (based upon an average of 2 deliveries per hour). Thus, in 2019, Plaintiff consistently "kicked back," and continues to kick back, to Defendants at least $3.96 per hour worked as a delivery driver.

63. Defendants have failed to comply with the requirements for the tip credit because, after accounting for unreimbursed expenses, Defendants have paid Plaintiff and other similarly situated delivery drivers a lower wage rate than they informed Plaintiff he would be paid.

64. Defendants have willfully failed to pay Plaintiff federal and Ohio state minimum wage as required by law.

## COLLECTIVE ACTION ALLEGATIONS

65. Plaintiff brings the First Count on behalf of himself and all similarly situated current and former delivery drivers employed at the Westside Cleveland area Jet's Pizza stores owned, operated, and controlled by Defendants during the three years prior to the filing of this Class Action Complaint and the date of final judgment in this matter, who elect to opt in to this action (the "FLSA Collective").

66. At all relevant times, Plaintiff and the FLSA Collective have been similarly situated; have had substantially similar job duties, requirements, and pay provisions; and have all been subject to Defendants' decisions, policies, plans, practices, procedures, protocols, and rules of willfully refusing to pay Plaintiff and the FLSA Collective minimum wage for all hours worked and of failing to reimburse delivery drivers for automobile expenses and other job-related expenses. Plaintiff's claims are essentially the same as those of the FLSA Collective.

67. Defendants' unlawful conduct is pursuant to a corporate policy or practice.

68. Defendants are aware, or should have been aware, that federal law requires them to pay employees minimum wage for all hours worked and to fully reimburse employees for "tools of the trade."

69. Defendants' unlawful conduct has been widespread, repeated, and consistent.

70. The First Count is properly brought under, and maintained as, an opt-in collective action under 29 U.S.C. § 216(b).

71. The FLSA Collective members are readily identifiable and ascertainable.

72. In recognition of the services Plaintiff has rendered, and will continue to render, to the FLSA Collective, Plaintiff will request payment of a service award upon resolution of this action.

## CLASS ACTION ALLEGATIONS

73. Plaintiff brings the Second, Third, and Fourth Counts under Federal Rule of Civil Procedure 23, on behalf of himself and a class of persons consisting of:

> All current and former delivery drivers employed by Defendants at the Westside Cleveland area Jet's Pizza stores between the date three years prior to the filing of the original complaint and the date of final judgment in this matter ("Rule 23 Class").

74. Excluded from the Rule 23 Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

75. The number and identity of the Rule 23 Class members are ascertainable from Defendants' records.

76. The hours assigned and worked, the positions held, deliveries completed, and the rates of pay and reimbursements paid for each Rule 23 Class Member are determinable from Defendants' records.

77. For the purpose of notice and other purposes related to this action, the names and contact information for Rule 23 Class Members are readily available from Defendants.

78. Notice can be provided by means permissible under Rule 23.

79. The Rule 23 Class member are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

80. There are more than 50 Rule 23 Class members.

81. Plaintiff's claims are typical of those claims which could be alleged by any Rule 23 Class member, and the relief sought is typical of the relief which would be sought by each Rule 23 Class member in separate actions.

82. Plaintiff and the Rule 23 Class members have all sustained similar types of damages as a result of Defendants' failure to comply with Section 34a, the OMFWSA, and O.R.C. § 4113.15.

83. Plaintiff and the Rule 23 Class members sustained similar losses, injuries, and damages arising from the same unlawful practices, polices, and procedures.

84. By seeking to represent the interests of the Rule 23 Class members, Plaintiff is exercising, and intends to exercise, his right to engage in concerted activity for the mutual aid or benefit of himself and his co-workers.

85. Plaintiff is able to fairly and adequately protect the interests of the Rule 23 Class and has no interests antagonistic to the Rule 23 Class.

86. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

87. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation on behalf of minimum wage employees, where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

88. Upon information and belief, Defendants and other employers throughout the State of Ohio violate Section 34a, the OMFWSA, and O.R.C. § 4113.15. Current employees are often afraid to assert their rights out of fear of direct and indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

89. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

90. Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting Plaintiff and the Rule 23 Class members individually and include, but are not limited to:

    a. Whether Plaintiff and the Rule 23 Class members were subject to a common expense reimbursement policy that resulted in wages dropping below legally allowable minimum wage rates;

    b. Whether Plaintiff and the Rule 23 Class were subject to a policy that required them to maintain and pay for safe, operable, and legally compliant automobiles to use in completing deliveries;

    c. Whether Plaintiff and the Rule 23 Class incurred expenses for the benefit of Defendants in the course of completing deliveries;

    d. Whether Defendants reimbursed Plaintiff and the Rule 23 Class members for their actual expenses;

    e.  Whether Defendants reimbursed Plaintiff and the Rule 23 Class members at the IRS standard business mileage rate for the miles they drove in making deliveries;

    f.  Whether Defendants reimbursed Plaintiff and the Rule 23 Class members based on a reasonable approximation of the expenses they incurred;

    g.  Whether Defendants failed to comply with the requirements for the tip credit, and/or received "kickbacks" from Rule 23 Class members by under-reimbursing them for job-related expenses;

    h.  Whether Plaintiff and the Rule 23 Class completed non-tipped job duties for which they were paid a sub-minimum tipped wage rate;

    i.  Whether Defendants failed to pay Plaintiff and the Rule 23 Class in a timely manner as required by O.R.C. § 4113.15, and, if so, whether the wages owed are "in dispute"; and

    j.  The nature and extent of class-wide injuries and the measure of damages for those injuries.

91.    In recognition of the services Plaintiff has rendered, and will continue to render, to the Rule 23 Class, Plaintiff will request payment of a service award upon resolution of this action.

## CAUSES OF ACTION

### Count 1
### Failure to Pay Minimum Wages - Fair Labor Standards Act
### (On Behalf of Plaintiff and the FLSA Collective)

92.    Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

93. Plaintiff and the FLSA Collective are, or were, non-exempt, hourly employees entitled to receive no less than minimum wage for all hours worked.

94. Defendants failed to properly claim a tip credit from the wages of Plaintiff and the FLSA Collective because Plaintiff and the FLSA Collective were, and continue to be, paid a wage rate lower than Defendants informed them that they would be paid.

95. Defendants paid, and continue to pay, Plaintiff and the FLSA Collective at, or close to, minimum wage for all hours worked.

96. Defendants required, and continue to require, Plaintiff and the FLSA Collective to pay for automobile expenses and other job-related expenses out of pocket, and fail, and continue to fail, to properly reimburse Plaintiff and the FLSA Collective for said expenses.

97. By the acts and conduct described above, Defendants willfully violated, and continue to violate, the provisions of the FLSA and disregarded the rights of Plaintiff and the FLSA Collective.

98. Plaintiff and the FLSA Collective have been, and continue to be, damaged by Defendants' willful failure to pay minimum wage as required by law.

99. As a result of Defendants' willful violations, Plaintiff and the FLSA Collective are entitled to damages, including, but not limited to, unpaid wages, unreimbursed expenses, liquidated damages, costs, and attorneys' fees.

### Count 2
### Failure to Pay Minimum Wages - Ohio Constitution, Article II, § 34a
### (On Behalf of Plaintiff and the Rule 23 Class)

100. Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

101. Defendants paid, and continue to pay, Plaintiff and the Rule 23 Class below minimum wage for the hours they worked by requiring them to cover automobile expenses and other job-related expenses.

102. Defendants ostensibly paid, and continue to pay, Plaintiff and the Rule 23 Class at, or close to, minimum wage for the hours they worked.

103. Because Defendants required, and continue to require, Plaintiff and the Rule 23 Class to pay for automobile expenses and other job-related expenses out of pocket, Defendants failed, and continue to fail, to pay Plaintiff and the Rule 23 Class minimum wage.

104. By failing to pay Plaintiff and the Rule 23 Class at least minimum wage for each hour worked, Defendants have violated the Ohio Constitution, Article II, § 34a.

105. As a result of Defendants' violations, Plaintiff and the Rule 23 Class are entitled to damages, including, but not limited to, unpaid wages, unreimbursed expenses, an additional two times unpaid wages/unreimbursed expenses in damages under Section 34a, costs, and attorneys' fees.

## Count 3
### Untimely Payment of Wages – O.R.C. § 4113.15 ("Ohio Prompt Pay Act")
**(On Behalf of Plaintiff and the Rule 23 Class)**

106. Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

107. During all relevant times, Defendants were, and are, covered by O.R.C. § 4113.15, and Plaintiff and the Rule 23 Class are, or were, "employees" within the meaning of O.R.C. § 4113.15.

108. O.R.C. § 4113.15(A) requires that Defendants pay Plaintiff and the Rule 23 Class all wages on at least a semi-monthly basis.

109. By failing to pay Plaintiff and the Rule 23 Class all wages due to them under the FLSA and Ohio Constitution, on at least a semi-monthly basis, Defendants have also violated the Ohio Prompt Pay Act, and continue to violate the Ohio Prompt Pay Act.

110. Plaintiff and the Rule 23 Class's unpaid wages and unreimbursed expenses have remained unpaid for more than thirty (30) days beyond their regularly scheduled payday(s).

111. By violating Ohio law, Defendants acted willfully, without a good faith basis, and with reckless disregard to Ohio law.

112. As a result of Defendants' willful violations, Plaintiff and the Rule 23 Class are entitled to unpaid wages and liquidated damages, as stated in O.R.C. § 4113.15.

### Count 4
### Damages Pursuant to O.R.C. § 2307.60
### (On Behalf of Plaintiff and the Rule 23 Class)

113. Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

114. The Fair Labor Standards Act, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

115. By their acts and omissions described above, Defendants have willfully violated, and continue to willfully violate, the FLSA, resulting in injuries to Plaintiff and the Rule 23 Class.

116. O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

117. As a result of Defendants' willful violations of the FLSA, Plaintiff and the Rule 23 Class are entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60.

**WHEREFORE**, Plaintiff Jason Shell, on behalf of himself and the FLSA Collective and the Rule 23 Class, prays for all of the following relief:

A. Designation of this action as a collective action on behalf of the collective action members and prompt issuance of notice to all similarly-situated members of an opt-in class, apprising them of this action, permitting them to assert timely wage and hour claims in this action, and appointment of Plaintiff and his counsel to represent the collective action members.

B. Unpaid minimum wages, reimbursement of expenses, and an additional and equal amount as liquidated damages pursuant to the FLSA and supporting regulations.

C. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

D. Designation of Plaintiff as representative of the Rule 23 Class and counsel of record as Class Counsel.

E. A declaratory judgment that the practices complained of herein are unlawful under Section 34a, the OMFWSA, and O.R.C. § 4113.15.

F. An award of unpaid minimum wages and unreimbursed expenses due under Section 34a.

G. An award of damages under Section 34a, based on Defendants' failure to pay wages, calculated as an additional two times of back wages.

H. Liquidated damages under O.R.C. § 4113.15.

I. Compensatory and punitive damages under O.R.C. § 2307.60.

J. An award of prejudgment and post-judgment interest.

K. An award of costs and expenses of this action, together with reasonable attorneys' fees and expert fees.

L. Such other legal and equitable relief as the Court deems appropriate.

Respectfully submitted,

/s/ Christina M. Royer
STUART G. TORCH (0079667)
CHRISTINA M. ROYER (0073695)
ELFVIN, KLINGSHIRN, ROYER & TORCH, LLC
4700 Rockside Road, Suite 530
Independence, Ohio 44131
(216) 382-2500 (Telephone)
(216) 381-0250 (Facsimile)
stuart@ekrtlaw.com
chris@ekrtlaw.com

ANDREW R. BILLER (0081452)
ANDREW P. KIMBLE (0093172)
BILLER & KIMBLE, LLC
3825 Edwards Road
Suite 650
Cincinnati, Ohio 45209
(513) 202-0710 (Telephone)
abiller@billerkimble.com
akimble@billerkimble.com

*Attorneys for Plaintiff and the Putative Class*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ Christina M. Royer
CHRISTINA M. ROYER (0073695)